# UNITED STATES BANKRUTCY COURT

## DISTRICT OF NEW JERSEY

——————————————————— x

In re

DERIK P. PALMIERI,

     Debtor

———————————————

NANCY BLASKO,

     Plaintiff

v.

DERIK P. PALMIERI,

     Defendant

——————————————— x

Case No. 20-22825-VFP

Chapter 7

Adversary # _____

Honorable Vincent F. Papalia

Defendant(s), Derik P. Palmieri (hereafter "Defendant") by way of answer to the numbered paragraphs and the Counts set forth in Plaintiff's Complaint says:

## JURISDICTION AND VENUE

1. Defendant denies the statements made in this Paragraph.

2. Defendant denies the statements made in this Paragraph

3. Defendant denies the statements made in this Paragraph.

4. Defendant leaves Plaintiff to her proofs regarding the statements made in this Paragraph.

5. Defendant leaves Plaintiff to her proofs regarding the statements made in this Paragraph.

6. Defendant leaves plaintiff to her proofs regarding the statements made in this

Paragraph.

## THE PARTIES

7. Defendant admits to the statements made in this paragraph.

8. Defendant denies the statements made in this paragraph.

9. Defendant leaves Plaintiff to her proofs regarding the statements made in this paragraph.

10. Defendant admits to the statements made in this paragraph.

11. Defendant leaves Plaintiff to her proofs regarding statements made in this paragraph.

## STATEMENT OF FACTS

1. Defendant denies the statements made in this paragraph.

2. Defendant leaves Plaintiff to their proofs regarding the statements made in this paragraph.

3. Defendant leaves Plaintiff to her proofs regarding the statements made in this paragraph.

4. Defendant leaves Plaintiff(s) to her proofs regarding the statements made in this paragraph.

5. Defendant leaves Plaintiff(s) to her proofs regarding the statements made in this paragraph.

6. Defendant leaves Plaintiff(s) to her proofs regarding the statements made in this paragraph.

7. Defendant leaves Plaintiff(s) to her proofs regarding the statements made in this paragraph.

2

8. Defendant leaves Plaintiff(s) to her proofs regarding the statements made in this paragraph.

9. Defendant leaves Plaintiff(s) to her proofs regarding the statements made in this paragraph.

10. Defendant leaves plaintiff to her proofs regarding the statements made in this paragraph.

11. Defendant leaves Plaintiff to her proofs regarding the statements made in this paragraph.

12. Defendant leaves Plaintiff to her proofs regarding statements made in this paragraph.

13. Defendant admits to the statements contained in paragraph 13.

14. Defendant leaves Plaintiff to her proofs regarding the statements made in this paragraph.

**15. WHEREFORE**, Defendant, demands an Order or Judgment on this Count dismissing the Plaintiffs' complaint together with interest, attorney's fees, costs of suit, and for such further relief as the court may deem equitable and just.

### FIRST CAUSE OF ACTION

16. Defendant leaves Plaintiff(s) to her proofs repeated and alleged in Jurisdiction and Venue, Parties and Statement of Facts above

17. Defendant denies the statements made in this paragraph..

18. Defendant denies the statements made in this paragraph Section A through F.

19. Defendant denies the statements made in this paragraph.

20. Defendant denies the statements made in this paragraph.

21. Defendant denies the statements made in this paragraph.

22. Defendant denies the statements made in this paragraph.

23. Defendant denies the statements made in this paragraph.

**WHEREFORE**, Defendant, demands an Order or Judgment on this Count dismissing the Plaintiffs' complaint together with interest, attorney's fees, costs of suit, and for such further relief as the court may deem equitable and just.

## SECOND CAUSE OF ACTION

24. Defendant leaves Plaintiff(s) to her proofs repeated and alleged in Paragraphs 1-23 as if fully set forth herein.

25. Defendant denies the statements made in this paragraph.

26. Defendant denies the statements made in this paragraph.

27. Defendant denies the statements made in this paragraph

28. Defendant denies the statements made in this paragraph.

29. Defendant denies the statements made in this paragraph.

30. Defendant denies the statements made in this paragraph.

**31. WHEREFORE**, Defendant, demands an Order or Judgment on this Count dismissing the Plaintiffs' complaint together with interest, attorney's fees, costs of suit, and for such further relief as the court may deem equitable and just.

## THIRD CAUSE OF ACTION

32. Defendant leaves Plaintiff(s) to his proofs repeated and alleged in Paragraph 1-31, as if fully set forth herein.

33. Defendant denies the statements made in this paragraph.

34. Defendant denies the statements made in this paragraph.

35. Defendant denies the statements made in this paragraph.

36. Defendant denies the statements made in this paragraph.

37. Defendant denies the statements made in this paragraph.

**38. WHEREFORE,** Defendant, demands an Order or Judgment on this Count dismissing the Plaintiffs' complaint together with interest, attorney's fees, costs of suit, and for such further relief as the court may deem equitable and just.

## FOURTH CAUSE OF ACTION

39. Defendant leaves Plaintiff(s) to her proofs repeated and alleged in Paragraphs 1-38, as if fully set forth herein.

40. Defendant denies the statements made in this paragraph.

41. Defendant denies the statements made in this paragraph.

**42. WHEREFORE,** Defendant, demands an Order or Judgment on this Count dismissing the Plaintiffs' complaint together with interest, attorney's fees, costs of suit, and for such further relief as the court may deem equitable and just.

## FIFTH CAUSE OF ACTION

43. Defendant leaves Plaintiff(s) to her proofs repeated and alleged in Paragraphs 1-42, as if fully set forth herein.

44. Defendant leaves Plaintiff to her proofs regarding the statements made in this paragraph.

**45. WHEREFORE,** Defendant, demands an Order or Judgment on this Count dismissing the Plaintiffs' complaint together with interest, attorney's fees, costs of suit, and for such further relief as the court may deem equitable and just.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant, demands an Order or Judgment on this Count dismissing the

Plaintiffs' complaint together with interest, attorney's fees, costs of suit, and for such

further relief as the court may deem equitable and just.

1. Plaintiff's request should be denied;

2. Plaintiff's request should be denied;

3. Plaintiff's request should be denied;

4. Plaintiff's request should be denied;

5. Plaintiff's request should be denied;

6. Plaintiff's request should be denied;

7. Plaintiff's request should be denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint is barred for its failure to state a claim upon which relief

may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint of the plaintiff is barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

The Complaint of the plaintiff is barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint of the plaintiff is barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint of the plaintiff is barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint of the plaintiff is barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

The defendants specifically denies the existence of any fiduciary or legal

obligation it owed to the plaintiffs which would give rise to liability.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against the defendant because plaintiff caused

their own damages and therefore had no standing to bring this lawsuit.

## NINTH AFFIRMATIVE DEFENSE

The damages of the Plaintiff, if any, were proximately caused by their own acts

and/or omissions including their lack of mitigation.

## TENTH AFFIRMATIVE DEFENSE

The purposeful, negligent, careless, or intentional acts and omissions of the

plaintiff proximately caused the damages suffered by them.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's damages, if any, were caused by a third party and not the fault of

defendant.

## RESERVATION OF DEFENSES

The Defendant, specifically reserves her right to interpose such other and further

defenses as continuing investigation and discovery may reveal.

## DESIGNATION OF TRIAL ATTORNEY

Please take notice that , CHRISTOPHER A. ERRANTE, ESQ., is hereby

designated as trial counsel in the above matter.

CHRISTOPHER A. ERRANTE, ESQUIRE LLC

By: _____

CHRISTOPHER A. ERRANTE
*Attorney for Defendant(s)*

Dated: March 12, 2021


## CERTIFICATION


I certify that the matter in controversy is not the subject of any other court

action or arbitration proceeding, now pending or contemplated, and that no other

parties should be joined in this action.


CHRISTOPHER A. ERRANTE, ESQUIRE LLC

By: _____

CHRISTOPHER A. ERRANTE
*Attorney for Defendant(s)*

Dated: March 12, 2021

# CHRISTOPHER A. ERRANTE, ESQUIRE, LLC.

### ATTORNEY AT LAW

518 STUYVESANT AVENUE
LYNDHURST, NJ 07071

TEL: (201) 672-0202
FAX: (201) 672-0303
ERRANTELAWFIRM@VERIZON.NET

March 15, 2021

*Via: Lawyers Service*
Martin Luther Kind Junior Federal Building
ATTN: US Bankruptcy Court
50 Walnut St.
Newark, NJ 07102

### RE: NANCY BLASKO V. DERIK P. PALMIERI
### Case No.: 20-22825-VFP

Dear Clerk ,

Be advised this office has been retained to represent Derik Palmieri, in the above referenced Bankruptcy matter. Enclosed please find an original plus two copies of an answer to complaint.  Please file and return a filed copy in the enclosed self-addressed envelope.

Thank you for your courtesy and cooperation in this matter.

Respectfully Submitted,

CHRISTOPHER A. ERRANTE, ESQ.

CAE/ks

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| NANCY BLASKO | DERIK P. PALMIERI |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Frances Nicotra (Attorney ID: 005581992)<br>853 Summit Avenue, Jersey City, New Jersey 07307<br>(201) 963-9423 | Russell S. Warren Jr.<br>473 Sylvan Avenue, PO Box 1234, Englewood Cliffs, NJ 07632<br>(201) 503–0773 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee | ☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. § 523(a)(4),
11 U.S.C. § 523(a)(6), 11 U.S.C. § 727(a)(4), and NEW JERSEY CONSUMER FRAUD ACT (CFA), N.J.S.A. §§ 56:8-1 to 56:8-195

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge – §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☒ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

' **B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>DERIK P. PALMIERI | BANKRUPTCY CASE NO.<br><br>20–22825–VFP | |
| DISTRICT IN WHICH CASE IS PENDING<br>District of New Jersey | DIVISION OFFICE | NAME OF JUDGE<br>Papalia |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*Frances Nicotra* | | |
| DATE<br><br>2/16/2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Frances Nicotra , Esq. | |

## INSTRUCTIONS

      The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

      A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

      The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

2.      Venue for the claims for relief in this adversary complaint is appropriate pursuant to 28 U.S.C. § 1409(a).

3.      This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (J) and/or (O).

4.      To the extent this dispute involves any non-core matters, and/or matters in which a bankruptcy judge may not enter final judgment without the parties' consent, Plaintiffs consents to the entry of final judgment by the Court.

5.      This adversary proceeding arises in the Chapter 7 case of *In re* DERIK P. PALMIERI, case number 20–22825–VFP, currently pending before this Court in the District of New Jersey.

6.      This Court has fixed February 16, 2021 as the last day to file a Complaint to Object to Discharge of Debtor Under 11 U.S.C. § 727 and to Determine Nondischargeability of Debt Under 11 U.S.C. § 523. This Complaint, therefore, has been timely filed.

## PARTIES

7.      Nancy Blasko, the Plaintiff ("Plaintiff") in this adversary proceeding, is an individual residing in the State of New York, County of Suffolk.

8.      Derik P. Palmieri, the Defendant ("Defendant") in this adversary proceeding, made the various representations to Plaintiff as set forth in this complaint, acted as a fiduciary to Plaintiff as set forth in the complaint, breached his fiduciary obligations to Plaintiff as set forth in the complaint, committed fraud consumer fraud and converted Plaintiff's property to his personal enrichment and to Plaintiff's detriment as set forth in the complaint.

9.      Defendant is an individual residing North Bergen, New Jersey and operated and was a principle of an LLC known as 49 Monona Avenue LLC, with an address of 69 Montgomery Street, Unit 3575, City of Jersey City, County of Hudson, State of New Jersey 07303.

10.     Defendant is a real estate agent licensed in the State of New Jersey.

11.     The Debtor may be served, pursuant to Fed. R. Bankr. P. 7004(b)(1), by mailing a copy of the Summons and Complaint to Debtor's counsel of record, Russell S. Warren Jr. at 473 Sylvan Avenue, PO Box 1234, Englewood Cliffs, NJ 07632, Contact phone (201) 503-0773, Email: mail@rwarrenlaw.com and to the Debtor, Derik P. Palmieri at 1451 51st St., North Bergen, NJ 07047-3113, which address constitutes either the Debtor's dwelling house or usual place of abode or the place at which the Debtor regularly conducts a business or profession.

## STATEMENT OF FACTS

1.     This lawsuit concerns a fraudulent scheme to entice Plaintiff into investing $45,000.00 in a property located at 49 Monona Avenue, Rutherford, New Jersey 07070 ("Monona Property") and held in the name of a joint venture known as 49 Monona Avenue LLC with terms of repayment in full on the maturity date of July 15, 2018 plus interest of 14% per annum upon default. The scheme also involved a joint venture agreement through which Plaintiff would receive an additional $11,250.00 above her initial investment of $45,000.00.

2.     On or about December 9, 2017, Plaintiff loaned Defendant and his partner, Paul Carpio ("Carpio"), the amount of $45,000.00 by way of a Promissory Note ("Note") executed by Defendant and Carpio as personal guarantors and on behalf of 49 Monona Avenue LLC, with terms of repayment in full on the maturity date of July 15, 2018.

3.     On or about December 11, 2017, Defendant and Carpio personally guaranteed and executed a Joint Venture Agreement ("Agreement") with Plaintiff through which they would pay Plaintiff an additional $11,250.00 above her initial investment of $45,000.00.

4.     The terms of payment on the Note and Agreement obligated Defendant and Carpio to pay Plaintiff the amounts of $45,000.00 and $11,250.00, respectively, no later than July 15,

3

2018, upon the sale and at the closing transfer of title to the Monona Property and registered in the name of 49 Monona Avenue LLC.

5.      Pursuant to the Note, in the event of a default occurring on July 18, 2018, Defendant and Carpio would be obligated to pay Plaintiff interest on the $45,000.00 at the rate of 14% per annum.

6.      On or about July 27, 2018 - twelve (12) days after Defendant and Carpio were obligated to pay Plaintiff pursuant to the Note and Agreement - Defendant and Carpio, without any notice to Plaintiff, changed the name of 49 Monona Avenue LLC to ABL One LLC with the registered address of 66 Hudson Street #301, City of Hoboken, County of Hudson, State of New Jersey 07030.

7.      On or about July 11, 2019, just five days less than one year after Defendant and Carpio were obligated to pay Plaintiff pursuant to the terms of the Note and Agreement, ABL One LLC transferred title and sold the Monona Property to a third party without paying Plaintiff.

8.      Plaintiff put both Defendant and Carpio on written notice of default.

9.      On or about November 11, 2019, Plaintiff filed a Verified Complaint in the Superior Court of New Jersey, Law Division: Hudson County, Docket No.: HUD-L-4256-19 against Defendant and Carpio for taking Plaintiff's money which they used to improve the value of a parcel of real estate that they later sold and enjoyed enhanced proceeds of sale without paying Plaintiff pursuant to the Note and Agreement.

10.     On or about December 24, 2019, Defendant and Carpio filed an Answer.

11.     The matter was subsequently assigned to arbitration.

4

12.    On or about August 12, 2020, the Report and Award of Arbitration in the amount of $125,000.00 ("Award of Arbitration") was entered against Defendant and Carpio, jointly and severally, and recorded on the state court docket.

13.    On November 19, 2020, Defendant filed the above-referenced, no-asset, Chapter 7 bankruptcy.

14.    On or about January 4, 2021, the state court judge entered "an Order pursuant to Confirm [sic] the Arbitration Award and Enter Judgment jointly and severally against Defendants, Paul Carpio and Derik Palmieri ..." in favor of Plaintiff in the amount of $125,000.00. The judge further ordered, "that a mirror Judgment against Defendant Derik Palmieri is reserved for entry by virtue of his filing for Chapter 7 Bankruptcy on November 19, 2020 after the original filing date of Plaintiff's [complaint] ..."

15.    WHEREFORE, based upon the foregoing facts forming the basis of violations for each theory in this Complaint, Plaintiff demands a judgment enforcing the Award of Arbitration against Defendant in the amount of $125,000.00 plus post-judgment interest, attorney's fees, and costs, and any and all other relief this Court deems reasonable and necessary.

## FIRST CAUSE OF ACTION
### NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(2)(A)

16.    Plaintiff repeats, realleges and embodies herein by this reference paragraphs 1-15 above, as if fully set forth herein.

17.    Plaintiff alleges that the claims for relief arising from the actions and omissions of Defendant as set forth herein, are non-dischargeable pursuant to Bankruptcy Code Section 523(a)(2)(A), in that they establish claims for money "obtained by false pretenses, false representations, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." Upon information and belief, such actions/omissions were undertaken in

5

furtherance of a fraudulent financial scheme to deprive the Plaintiff and others of their money through false promises, fraudulent inducements, deception, and actual fraud, which caused the Plaintiff to deposit her money with Defendant and Defendant's alter ego, 49 Monona Avenue LLC.

18.     Defendant induced Plaintiff to enter into the Note and Agreement by representing that:

    a.   Defendant is a real estate agent licensed in the State of New Jersey.

    b.   Defendant was an owner and principle of 49 Monona Avenue LLC.

    c.   Plaintiff would receive a 10% interest in 49 Monona Avenue LLC.

    d.   That Plaintiff would receive $45,000.00 plus $11,250.00, respectively, no later than July 15, 2018, upon the sale and at the closing transfer of title to the real estate registered in the name of 49 Monona Avenue LLC.

    e.   That pursuant to the Note, in the event of a default occurring on July 18, 2018, Defendant would be obligated to pay Plaintiff interest on the $45,000.00 at the rate of 14% per annum.

    f.   At all times, the Defendant knowingly withheld information from Plaintiff regarding his intent to change the name of the holding company from 49 Monona Avenue LLC to ABL One LLC and the subsequent sale of the Monona property to a third party with the intent to interfere with Plaintiff's right to receive proceeds.

19.     As a result of Defendant's representations Plaintiff paid Defendant $45,000.00 and was guaranteed payment in full plus an additional $11,250.00 pursuant to the Note and Agreement.

20.     Defendant's representations were all false.

21.     As a result of Defendant's actions and omissions identified herein, he has received a benefit from Plaintiff in excess of $125,000.00 plus interest, based upon false pretenses, false

6

representations, and actual fraud, other than a statement respecting his or any insider's financial condition.

22.      As a result of such actions/omissions, Plaintiff has accordingly been damaged by Defendant in an amount in excess of $125,000.00 plus interest, costs and attorneys' fees which continue to accrue. Plaintiff is entitled to a judgment enforcing the Award of Arbitration against Defendant in the amount of $125,000.00 plus post-judgment interest, attorney's fees, and costs, and any and all other relief this Court deems reasonable and necessary.

23.      Accordingly, pursuant to 11 U.S.C. § 523(a)(2)(A), the above-described claims for relief are non-dischargeable.

**SECOND CAUSE OF ACTION**
**NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(A)(4)**

24.      Plaintiff repeats, realleges and embodies herein by this reference paragraphs 1-23 above, as if fully set forth herein.

25.      Plaintiff alleges that the claims for relief arising from the actions and omissions of Defendant, as set forth herein, are non-dischargeable pursuant to Bankruptcy Code Section 523(a)(4) in that they establish a claim for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Upon information and belief, and as set forth above, Defendant undertook the fraudulent actions/omissions described herein while acting in a fiduciary capacity for the Plaintiff, and such actions/omissions were undertaken in furtherance of a fraudulent financial scheme to permanently deprive the Plaintiff and others of their money. Defendant embezzled and stole the entrusted monies from the Plaintiff.

26.      Plaintiff is informed and believes that Defendant engaged in soliciting funds from the general public for the purpose of investing in multiple real estate projects for the sole purpose

7

of his personal enrichment and the detriment of multiple investors and would show similar fact patterns in the following cases:

    a.  Garcia & Bueno vs. Carpio, Palmieri and JC Bowers Tower, LLC, filed in the Superior Court of New Jersey, Law Division: Hudson County, Docket No.: HUD-L-1086-18 on March 19, 2018; Judgment entered against Defendant and Carpio on May 18, 2018.

    b.  Buldo vs. Carpio & Palmieri, 256 Feronia Way, LLC, Jersey City Bowers Towers, LLC, filed in the Superior Court of New Jersey, Law Division: Bergen County, Docket No.: BER-L-7750-18 on October 26, 2018, Judgment entered against Defendant and Carpio on December 1, 2020.

    c.  Casares vs. 15 Palm St. Hillsdale, LLC, Carpio and Palmieri, filed in the Superior Court of New Jersey, Law Division: Hudson County, Docket No.: HUD-L-944-19 on March 6, 2019; Arbitration Award entered against Defendant and Carpio on July 8, 2020; Settled October 22, 2020.

    d.  Seiden vs. Carpio & Palmieri, filed in the Superior Court of New Jersey, Law Division: Union County, Docket No.: UNN-L-3338-19 on September 24, 2019; Judgment entered against Defendant and Carpio on January 30, 2020.

27.    Defendant is a realtor licensed in the state of New Jersey and owes Plaintiff a fiduciary duty, which she relied upon in entering into the Note and Agreement.

28.    Defendant owed Plaintiff a fiduciary duty as a licensed realtor to honor the Note and Agreements.

29.    As a result of Defendant's actions and omissions identified herein, he has received a benefit from the Plaintiff in excess of $125,000.00, through his role as the Plaintiffs' partner, fiduciary and through fraud, defalcation, embezzlement, and larceny.

30.     As a result of such actions/omissions, the Plaintiff has accordingly been damaged in an amount in excess of $125,000.00 plus interest, costs and attorneys' fees which continue to accrue. Plaintiff is entitled to a judgment enforcing the Award of Arbitration against Defendant in the amount of $125,000.00 plus post-judgment interest, attorney's fees, and costs, and any and all other relief this Court deems reasonable and necessary.

31.     Accordingly, pursuant to 11 U.S.C. § 523(a)(4), the above-described claims for relief are non-dischargeable.

### THIRD CAUSE OF ACTION
### NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(6)

32.     Plaintiff repeats, realleges and embodies herein by this reference paragraphs 1 - 31 above, as if fully set forth herein.

33.     Plaintiff alleges that the claims for relief arising from the actions and omissions of Defendant, as set forth herein, are non-dischargeable pursuant to Bankruptcy Code Section 523(a)(6) in that it reflects "willful and malicious injury by the debtor to another entity or the property of another entity." Upon information and belief, such actions/omissions were undertaken in furtherance of a fraudulent financial scheme to deprive the Plaintiffs and others of their money through false promises, fraudulent inducements, deception, and actual fraud, which caused the Plaintiffs to deposit their money with Defendant and Defendant's alter ego, 49 Monona Avenue LLC.

34.     On or about July 27, 2018 - twelve (12) days after Defendant was obligated to pay Plaintiff pursuant to the Note and Agreement - Defendant, without any notice to Plaintiff, changed the name of 49 Monona Avenue LLC to ABL One LLC with the registered address of 66 Hudson Street #301, City of Hoboken, County of Hudson, State of New Jersey 07030.

9

35.     On or about July 11, 2019, just five days less than one year after Defendant was

obligated to pay Plaintiff pursuant to the terms of the Note and Agreement, ABL One LLC

transferred title and sold the property located at 49 Monona Avenue, Rutherford, New Jersey

07070 to a third party without paying Plaintiff.

36.     Each of the actions/omissions of Defendant set forth herein were undertaken in

furtherance of a fraudulent financial scheme by Defendant with the intent to permanently deprive

the Plaintiff of her monies.

37.     As a result of such actions/omissions, the Plaintiff has accordingly been damaged

in an amount in excess of $125,000.00, plus interest, costs and attorneys' fees which continue to

accrue. Plaintiff is entitled to a judgment enforcing the Award of Arbitration against Defendant in

the amount of $125,000.00 plus post-judgment interest, attorney's fees, and costs, and any and all

other relief this Court deems reasonable and necessary.

38.     Accordingly, pursuant to 11 U.S.C. § 523(a)(6), the above-described claims for

relief are non-dischargeable.

### FOURTH CAUSE OF ACTION
### NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 727(A)(4)

39.     Plaintiff repeats, realleges and embodies herein by this reference paragraphs 1 - 38

above, as if fully set forth herein.

40.     Defendant knowingly and fraudulently obtained money from Plaintiff, specifically,

a promissory note and joint venture investment. Defendant requested the promissory note and joint

venture investment from Plaintiff knowing that Defendant would not pay them back. Plaintiff paid

these amounts in reliance on the Defendant's representations that the loan would be paid back in

full and the other monies would be invested in real properties. Plaintiff was ignorant of the fact

10

that Defendant intended to convert the promissory note and joint venture investment to his own use.

41.      As a result of such actions/omissions, the Plaintiff has accordingly been damaged in an amount in excess of $125,000.00, plus interest, costs and attorneys' fees which continue to accrue. Plaintiff is entitled to a judgment enforcing the Award of Arbitration against Defendant in the amount of $125,000.00 plus post-judgment interest, attorney's fees, and costs, and any and all other relief this Court deems reasonable and necessary.

42.      Such conduct violates 11 U.S.C. § 727(a)(4) and, therefore, the Debtor's discharge is properly denied.

## FIFTH CAUSE OF ACTION
### UNFAIR, UNLAWFUL AND FRAUDULENT BUSINESS PRACTICE
### NEW JERSEY'S CONSUMER FRAUD ACT (CFA), N.J.S.A. §§ 56:8-1 TO 56:8-195

43.      Plaintiff repeats, realleges and embodies herein by this reference paragraphs 1 - 42 above, as if fully set forth herein.

44.      Defendant's actions as complained of herein were undertaken in the course of business activities, and constitute one or more unfair, unlawful, or fraudulent business practices under New Jersey's Consumer Fraud Act (CFA), N.J.S.A. §§ 56:8-1 to 56:8-195.

45.      By reason of Defendant's unfair, unlawful, or fraudulent business practices, Plaintiff is entitled to full and immediate restitution of the balance owed as well as her attorneys' fees and costs in bringing and litigating this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court, upon trial:

1.      For a determination that the claim(s) for relief set forth herein are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), in that they establish claims for money

"obtained by false pretenses, false representations, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

2.    For a determination that the claim(s) for relief set forth herein are non-dischargeable pursuant to 11 U.S.C. § 523(a)(4) in that they establish a claim for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

3.    For a determination that the claim(s) for relief set forth herein are non-dischargeable pursuant to 11 U.S.C. § 523(a)(6) in that they reflect "willful and malicious injury by the debtor to another entity or the property of another entity."

4.    Order that the Defendants indebtedness to Plaintiff in the amount of $125,000.00 constitutes a non-dischargeable debt pursuant to 11 U.S.C. §§ 523(a)(2)(A), (B), (a)(4), & (a)(6).

5.    Grant a non-dischargeable judgment in the amount of $125,000.00 in favor of Plaintiffs and against the Defendant plus prejudgment and post-judgment interest as provided by law, reasonable attorneys' fees, costs and expenses, and for punitive and exemplary damages in an amount to be proven at trial.

6.    Deny Defendant's discharge under 11 U.S.C. § 727(a)(4).

7.    Grant Plaintiff such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted this 16th day of February 2021,

**FRANCES NICOTRA, ESQ.**

*/s/ Frances Nicotra*
Frances Nicotra (Attorney ID: 005581992)
853 Summit Avenue
Jersey City, New Jersey 07307
(201) 963-9423
fnicotra@fnesqlaw.com
*Attorney for Plaintiff, Nancy Blasko*

12

**DERIK P PALMIERI**
1451 51ST
NORTH BERGEN  NJ  07047-3113

240

55-33/212 NJ
97705

2/23/21

Pay To The
Order Of    Christopher  A.  Errante                              | $ 2,500

Two  thousand   five  hundred   and   no/100   Dollars

**Bank of America**

ACH R/T 021200339

For

⑆021200339⑆  381019531234⑈0240

Harland Clarke

