Frances Nicotra (Attorney ID: 005581992)
853 Summit Avenue
Jersey City, New Jersey 07307
(201) 963-9423
fnicotra@fnesqlaw.com
*Attorney for Plaintiff, Nancy Blasko*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re | : | Case No. 20−22825−VFP |
| | : | |
| DERIK P. PALMIERI, | : | Chapter 7 |
| | : | |
| Debtor | : | Adversary Proceeding No. 21-01179-VFP |
| | : | |
| NANCY BLASKO, | : | Honorable Vincent F. Papalia |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| DERIK P. PALMIERI, | : | |
| | : | |
| Defendant | ; | |

## DECLARATION OF FRANCES NICOTRA IN SUPPORT OF PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(b)(2) (MADE APPLICABLE BY FED. R. BANKR. P. 7055)

I, FRANCES NICOTRA, declare as follows:

1.    The facts stated below are true and correct to the best of my personal knowledge

and if called upon to testify to them, I could and would competently do so.

1

2.      I am a member in good standing and eligible to practice before the following courts: New Jersey State Supreme Court; United States District and Bankruptcy Courts for the District of New Jersey and the Eastern District(s) of New York.

3.      I am the principal and owner of The Law Office of Frances Nicotra, Esq., located at 853 Summit Avenue, Jersey City, NJ  07307.

4.      I represent Plaintiff, Nancy Blasko.

5.      This Declaration is in support of *Plaintiff's Request for Entry of Default Pursuant to Fed. R. Civ. P. 55(b)(2) (Made Applicable by Fed. R. Bankr. P. 7055.*

6.       Pursuant to Fed. R. Civ. P. 55(b)(2) (made applicable by Fed. R. Bankr. P. 7055), the undersigned requests entry of default against Defendant, Derik P. Palmieri.

7.      On November 19, 2020, the debtor, Derik P. Palmieri, filed a chapter 7 bankruptcy, *In re Derik P. Palmieri*, Case No. 20−22825−VFP.

8.      Pursuant to this Court's Notice of Meeting of Creditors the deadline for filing objections for discharge was February 16, 2021.

9.      On February 16, 2021, I filed the *Complaint for Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. § 523(a)(4), 11 U.S.C. § 523(a)(6), 11 U.S.C. § 727(A)(4), and New Jersey Consumer Fraud Act (CFA), N.J.S.A. §§ 56:8-1 to 56:8-195*, entitled *Nancy Blasko vs. Derik P. Palmieri*, Adversary Proceeding 21-01179-VFP ("Adversary Complaint").

10.     The Adversary Complaint is based upon the following facts not in controversy:

a.      On November 11, 2019, Plaintiff filed a Verified Complaint in the Superior Court of New Jersey, Law Division: Hudson County, *Nancy Blasko vs.*

2

*Paul Carpio and Derik Palmieri*, Docket No.: HUD-L-4256-19 ("Verified

Complaint") against Defendant and his business partner for taking Plaintiff's

money to improve the value of a parcel of real estate that they later sold without

paying Plaintiff pursuant to a duly executed Note and Agreement. A true and

correct copy of the Verified Complaint is attached hereto as Exhibit "1".

b.      On December 24, 2019, Defendant and business partner filed an Answer.

The matter was subsequently assigned to arbitration.

c.      On August 12, 2020, the Report and Award of Arbitration in the amount

of $125,000.00 ("Award of Arbitration") was entered against Defendant and

Carpio, jointly and severally, and recorded on the state court docket. A true and

correct copy of the Award of Arbitration is attached hereto as Exhibit "2".

d.      On November 19, 2020, Defendant filed the above-referenced, no-asset,

Chapter 7 bankruptcy.

e.      On January 4, 2021, the state court judge entered "an Order pursuant to

Confirm the Arbitration Award and Enter Judgment jointly and severally against

Defendants, Paul Carpio and Derik Palmieri …" in favor of Plaintiff in the

amount of $125,000.00 ("Order Confirming Arbitration"). The judge further

ordered, in part:

> "that a mirror Judgment against Defendant Derik Palmieri is
> reserved for entry by virtue of his filing for Chapter 7 Bankruptcy
> on November 19, 2020 after the original filing date of Plaintiff's
> [complaint] …"

A true and correct copy of the Order Confirming Arbitration is attached hereto as

Exhibit "3".

11.    The *Summons & Notice of Status Conference* was issued on February 17, 2021 and it identified March 19, 2021 as the Defendant's response date.

12.    On March 19, 2021, I served Defendant and his bankruptcy counsel via USPS Priority Mail with the Summons, Complaint and Scheduling Order. True and correct copies of the USPS Priority Mail Delivery Confirmations are attached hereto as Exhibit "4".

13.    The time for filing an answer or other responsive pleading expired on March 19, 2021.

14.    As of 11:59 pm, March 19th no answer or other responsive pleading had been filed by the Defendant against whom this request for default is made.

15.    The time to plead or otherwise respond to the Complaint has not been extended by any agreement of the parties or any order of the Court.

16.    Defendant filed its untitled pleading in paper format via messenger to the Clerk's office on March 22, 2021. The Clerk hand stamped the pleading 'received' at 9:17 am and filed it to the docket at 2:44 pm.[1] The pleading was contemporaneously served on Plaintiff's counsel via the Court's electronic noticing system. A true and correct copy of the first page of Defendant's pleading is attached hereto as Exhibit "5".[2]

17.    Defendant's pleading is deficient and should not be considered an answer pursuant to Fed. R. Civ. P. 8(b)(1) and (b)(5). Defendant repeatedly states, "Defendant leaves Plaintiff to her proofs regarding the statements made in this Paragraph." rather than stating defenses to each claim asserted against it in short and plain terms; admitting or denying the

---

[1] Defendant had a duty to ensure timely delivery of its pleading to the Court and to comply with this Court's Privacy Guidelines concerning redaction.

[2] Defendant's "answer" fails to conform with D.N.J. LBR 9004-1.

4

allegations asserted against it; and/or specifically stating that it lacks knowledge or information sufficient to form a belief about the truth of an allegation Therefore, no answer has been filed and Plaintiff's request for default is appropriate.

18.    Defendant's pleading repeatedly states, "Defendant leaves Plaintiff to her proofs regarding the statements made in this Paragraph."  Such language is insufficient to be considered an answer pursuant to Fed. R. Civ. P. 8(b)(1) and (b)(5), 'responses must state defenses to each claim asserted against it in short and plain terms; admit or deny the allegations asserted against it; and/or specifically state that it lacks knowledge or information sufficient to form a belief about the truth of an allegation' Therefore, no answer has been filed and Plaintiff's request for default is appropriate.

19.    Defendant's counsel falsely certified that "… the matter in controversy is not the subject of any other court action or arbitration proceeding, now pending or contemplated …" The Verified Complaint upon which this Adversary Complaint is based is still open in the Superior Court of New Jersey, Law Division: Hudson County.

20.    Responding "leaving Plaintiff to proofs" is not a sufficient response.  The response should be either admit, deny, or lacks sufficient knowledge to form a basis for a response as the allegation does not refer to him.  Therefore, there is no Answer filed and default is appropriate.

21.    The defaulting party is the debtor, and service was made on both the debtor and the debtor's attorney.

22.    The defaulting party is not:

a.      an individual other than an infant, incompetent, or someone protected

under the Service Members Civil Relief Act (50 U.S.C. App. §§ 501 et seq.);

b.      a domestic or foreign corporation, partnership, or other unincorporated

association, including a limited liability company;

c.      an insured depository institution;

d.      a state or municipal corporation or other governmental organization;

e.      the United States, an officer or agency of the United States, or the United

States Trustee

I declare under penalty of perjury under the laws of the State of New Jersey that the

foregoing is true and correct.

Executed April 6, 2021, at Jersey City, New Jersey.

**FRANCES NICOTRA, ESQ.**

*/s/ Frances Nicotra*
Frances Nicotra (Attorney ID: 005581992)
853 Summit Avenue
Jersey City, New Jersey 07307
(201) 963-9423
fnicotra@fnesqlaw.com
*Attorney for Plaintiff, Nancy Blasko*

**EXHIBIT "1"**

**FRANCES NICOTRA, ESQ.**
853 Summit Avenue
Jersey City, New Jersey  07307
Ph:  (201) 963-9423
Fax:  (201) 963-9423
Email:  fnicotra@fnesqlaw.com
Web:  www.fnesqlaw.com
**Attorney For Plaintiff**
**Attorney ID No.:      005581992**

| | |
|---|---|
| Nancy Blasko, | :SUPERIOR COURT OF NEW JERSEY |
| | :LAW DIVISION: HUDSON COUNTY |
| | : |
| Plaintiffs, | : |
| | : |
| VS. | :Docket No.:  HUD-L- |
| | : |
| Paul Carpio and | : |
| Derik Palmieri, | :Verified Complaint |
| | : |
| Defendants. | : |

Plaintiff, Nancy Blasko, resident of the County of Suffolk,

State of New York complaining of the above defendants says:

## THE PARTIES

1.  At all times relevant to this Complaint, Plaintiff, Plaintiff
    Nancy Blasko (hereinafter referred to as "Plaintiff") is an
    individual residing in the State of New York, County of
    Suffolk.

2.  At all times relevant to this Complaint, Defendants, Paul
    Carpio and Derik Palmieri (hereinafter referred to as
    "Defendants") operated and were principles of an LLC known as
    49 Monona Avenue LLC, with an address of 69 Montgomery Street,
    Unit 3575, City of Jersey City, County of Hudson, State of

**Exhibit 1, Page 1 of 12**

New Jersey 07303 and were engaged in the business of managing, rehabilitating and selling a parcel of real estate, owned by the 49 Monona Avenue LLC, located at 49 Monona Avenue, Rutherford, County of Bergen, State of New Jersey 07070.

3.   Both Defendants are real estate agents licensed in the State of New Jersey.

4.   Defendant Paul Carpio is a resident of the City of Jersey City, County of Hudson, State of New Jersey, with an address at 234 Suydam Avenue, Apartment 305.

5.   Defendant Derik Palmieri is a resident of the City of Jersey City, County of Hudson, State of New Jersey, with an address at 190 Christopher Columbus Drive, Apartment 3B.

<u>**PREFACE**</u>

Jurisdiction is properly laid in the County of Hudson as Defendants reside in the County of Hudson and the LLC known as 49 Monona Avenue later reincorporated as ABL One both have addresses in the County of Hudson.   The basis for this lawsuit is:

- Breach of Contract against Defendants

- Unjust enrichment against Defendants

- Conversion against Defendants

- Breach of fiduciary duty of Defendants

- Consumer Fraud against Defendants

**Exhibit 1, Page 2 of 12**

## STATEMENT OF FACTS

1. At all times relevant to this Complaint, on or about December 9, 2017, Plaintiff Nancy Blasko (hereinafter referred to as "Plaintiff") loaned Defendants, Paul Carpio and Derik Palmieri (hereinafter referred to as "Defendants"), the amount of $45,000.00 by way of a Promissory Note executed by Defendants as personal guarantors and on behalf of an LLC then known as 49 Monona Avenue LLC, with terms of repayment in full on the maturity date of July 15, 2018.

2. At all times relevant to this Complaint, on or about December 11, 2017, Defendants personally guaranteed and executed a Joint Venture Agreement with Plaintiff for Defendants to pay to Plaintiff an additional amount of $11,250.00 above the aforementioned $45,000.00 promissory note that obligated Defendants to pay Plaintiff.

3. The terms of payment on the aforementioned promissory note and joint venture agreement obligated Defendants to pay Plaintiff no later than July 15, 2018 the amounts of $45,000.00 plus $11,250.00, respectively, upon the sale and at the closing transfer of title to the real estate registered in the name of 49 Monona Avenue LLC, a limited liability corporation held in the Defendants' names.

4. Pursuant to the promissory note of December 9, 2017, in the event of a default occurring on July 18, 2018, Defendants are

**Exhibit 1, Page 3 of 12**

obligated to pay Plaintiff interest on the $45,000.00 at the annual rate of fourteen percent (14%) to Plaintiff.

5. Plaintiff delivered her personal funds to Defendants pursuant to the promissory note and joint venture agreement.

6. On or about July 27, 2018 and twelve (12) days after Defendants were obligated to pay Plaintiff pursuant to the aforementioned promissory note and the aforementioned joint venture agreement, Defendants, without any notice to Plaintiff who was a ten percent owner pursuant to the joint venture agreement, changed the name of the LLC that previously owned the parcel of real estate located at 49 Monona Avenue, Rutherford, New Jersey 07070 from 49 Monona Avenue LLC to ABL One LLC with a registered address for ABL One LLC at 66 Hudson Street #301, City of Hoboken, County of Hudson, State of New Jersey 07030.

7. On or about July 11, 2019 and five days less than one year after Defendants were obligated to pay Plaintiff pursuant to the terms of the aforementioned promissory note and aforementioned joint venture agreement, ABL One LLC transferred title and sold the property located at 49 Monona Avenue, Rutherford, New Jersey 07070 to a third party without paying Plaintiff.

8. Plaintiff put both Defendants on written notice of default.

9. To date, Defendants have failed to pay Plaintiff amounts due

and owing.

10.    As a result of Defendants' wrongful and actionable conduct toward Plaintiff, Defendants have taken Plaintiff's money and used it to improve the value of a parcel of real estate that they sold and enjoyed enhanced proceeds of sale without paying Plaintiff pursuant to their false promises and false representations to her which they induced her to rely on to her detriment in obtaining her agreement on the promissory note and joint venture agreement.

**WHEREFORE,** based upon the foregoing facts forming the basis of violations for each theory in this Complaint, Plaintiff demands a judgment compelling Defendants in the amount of $56,250.00 plus interest at the annual rate of 14% from July 15, 2018 on $45,000.00, plus treble damages on the total, plus counsel fees, plus costs of suit against Defendants, along with any and all other relief this Court deems reasonable and necessary.

### FIRST COUNT

1.    Plaintiff repeats and realleges each and every allegation contained in The Parties, The Preface and the Statement of Facts and incorporates same as if fully set forth at length herein.

2.    As a result of Defendants' wrongful and actionable conduct, Plaintiff has      incurred damages and Defendants

**Exhibit 1, Page 5 of 12**

breached the promissory note and the joint venture agreement with Plaintiff and Defendants are in default.

**WHEREFORE**, based upon the foregoing facts forming the basis of violations for each theory in this Complaint, including breach of contract, Plaintiff demands a judgment compelling Defendants to pay Plaintiff compensatory damages in the amount of $56,250.00 plus interest at the annual rate of 14% from July 15, 2018 on $45,000.00, plus treble damages on the total, plus counsel fees, plus costs of suit against Defendants, along with any and all other relief this Court deems reasonable and necessary.

### SECOND COUNT

1.     Plaintiffs repeats and realleges each and every allegation contained in The Parties, The Preface, the Statement of Facts and the First Count and incorporates same as if fully set forth at length herein.

2.     As a result of Defendants' wrongful and actionable conduct toward Plaintiff, Defendants have been unjustly enriched.

**WHEREFORE**, based upon the foregoing facts forming the basis of violations for each theory in this Complaint, including unjust enrichment, Plaintiff demands a judgment compelling Defendants to pay Plaintiff compensatory damages in the amount of $56,250.00 plus interest at the annual rate of 14% from July

15, 2018 on $45,000.00, plus treble damages on the total, plus counsel fees, plus costs of suit against Defendants, along with any and all other relief this Court deems reasonable and necessary.

### THIRD COUNT

1.    Plaintiff repeats and realleges each and every allegation contained in The Parties, The Preface, the Statement of Facts, the First Count and the Second Count and incorporates same as if fully set forth at length herein.

2.    As a result of Defendants' wrongful and actionable conduct and unauthorized acts, Defendants have deprived Plaintiff of her right to possess her property, Defendants have deprived Plaintiff of her interest in her property and have engaged in the ongoing and unlawful act of conversion of property.

**WHEREFORE**, based upon the foregoing facts forming the basis of violations for each theory in this Complaint, including conversion, Plaintiff demands a judgment compelling Defendants to pay Plaintiff compensatory damages in the amount of $56,250.00 plus interest at the annual rate of 14% from July 15, 2018 on $45,000.00, plus treble damages on the total, plus counsel fees, plus costs of suit against Defendants, along with any and all other relief this Court deems reasonable and necessary.

### FOURTH COUNT

1.    Plaintiff repeats and realleges each and every allegation contained in The Parties, The Preface, the Statement of Facts, the First Count, the Second Count and the Third Count and incorporates same as if fully set forth at length herein.

2.    Defendants are realtors licensed in the state of New Jersey and owe Plaintiff a fiduciary duty, which she relied upon in entering into the promissory note and joint venture agreement.

3.    Defendants owed Plaintiff a fiduciary duty as licensed realtors to honor the promissory note and joint venture agreements.

4.    Defendants willfully breached their contract obligations pursuant to the promissory note and joint venture agreement and intentionally deprived Plaintiff of her property in violation and breach of their fiduciary duties.

**WHEREFORE**, based upon the foregoing facts forming the basis of violations for each theory in this Complaint, including breach of fiduciary duty, Plaintiff demands a judgment compelling Defendants to pay Plaintiff compensatory damages in the amount of $56,250.00 plus interest at the annual rate of 14% from July 15, 2018 on $45,000.00, plus treble damages on the

total, plus counsel fees, plus costs of suit against Defendants,
along with any and all other relief this Court deems reasonable
and necessary.

### **FIFTH COUNT**

1.    Plaintiff repeats and realleges each and every
allegation contained in The Parties, The Preface, the Statement
of Facts, the First Count, Second Count, the Third Count and the
Fourth Count and incorporates same as if fully set forth at
length herein.

2.    Plaintiff is a natural person and consumer.

3.    The violations Plaintiff asserts arises out of a
transaction entered primarily for personal, family or household
purposes insofar as that she is a personal investor and used the
promissory note and joint venture agreement as a tool for her
own personal retirement planning and saving.

2.    As a result of its actionable conduct and wrongful
conduct Defendants in making material false misrepresentations
to Plaintiff, which Plaintiff relied upon to her detriment,
inducing her to enter into the promissory note and joint venture
agreement, Defendants are most certainly in violation of the New
Jersey Consumer Fraud Act N.J.S.A. 56:8-1, et seq., or in the
alternative, New York Consumer Fraud Act pursuant to the New
York General Obligations Law.

3.  But for Defendants actions in making such material misrepresentations that Plaintiff relied upon, Plaintiffs would not have entered into the promissory note and joint venture agreement.

4.  Plaintiff is entitled to treble damages for Defendants' violations of the New Jersey Consumer Fraud Act.

**WHEREFORE**, based upon the foregoing facts forming the basis of violations for each theory in this Complaint, including violations of the New Jersey Consumer Fraud Act N.J.S.A. 56:8-1, et seq., or in the alternative violations of the New York General Obligations Law, Plaintiff demands a judgment compelling Defendants to pay Plaintiff compensatory damages in the amount of $56,250.00 plus interest at the annual rate of 14% from July 15, 2018 on $45,000.00, plus treble damages on the total, plus counsel fees, plus costs of suit against Defendants, along with any and all other relief this Court deems reasonable and necessary.

## STATEMENT OF DAMAGES

**WHEREFORE**, based upon the foregoing facts forming the basis of violations for each theory in this Complaint, Plaintiff demands a judgment compelling Defendants to pay Plaintiff compensatory damages in the amount of $56,250.00 plus interest at the annual rate of 14% from July 15, 2018 on $45,000.00, plus

treble damages on the total, plus counsel fees, plus costs of suit against Defendants, along with any and all other relief this Court deems reasonable and necessary.

## JURY DEMAND

Plaintiff hereby demand a trial by jury as to all issues.

## NOTICE OF TRIAL COUNSEL

Please take notice that Frances Nicotra, Esq., is hereby designated as trial counsel in the above-captioned matter pursuant to R. 4:25 et seq.

Dated:  November 4, 2019

## CERTIFICATION

Plaintiff certifies that matter in controversy in the within action is not the subject of any other action pending in any court of a pending arbitration proceeding, nor in any such court action or arbitration proceeding presently contemplated. The undersigned further certifies that there are no other persons who should be joined in this action at this time. The undersigned further certifies that there are no other parties of which she is presently aware who should be joined in the action.

Plaintiff further certifies that the foregoing facts are true to the best of her knowledge.  If any of the foregoing facts are willfully false, the undersigned is aware she is subject to punishment.

Dated: November 4, 2019

_____
NANCY BLASKO

**EXHIBIT "2"**

HUD L 004256-19     08/12/2020          Pg 1 of 1 Trans ID: LCV20201400884

| | ARBITRATION TYPE (Check One) |
|---|---|
| SUPERIOR COURT OF NEW JERSEY<br><br>REPORT AND AWARD OF ARBITRATOR(S) | ☐ AUTO<br>■ PERSONAL INJURY |

| | CIVIL ACTION |
|---|---|
| Blasko         .<br>PLAINTIFF<br>v.<br>Carpio<br>DEFENDANT | COUNTY: Hudson<br>DOCKET NO: L-4256-19<br>DATE: 08/12/2020 |

The undersigned arbitrator(s) make(s) the following award(s) for the reasons set forth:
Plaintiff entered into an agreement with defendants to give them $45,000 in return for a promissory note and joint venture agreement, in connection with fixing up a parcel of real estate to improve its resale value. Plaintiff seeks repayment as additional interest, costs and attorney's fees associated with the filing of the lawsuit.

**Defense presented** ■ yes   ☐ no

| PARTY | | LIABILITY | DAMAGES* | |
|---|---|---|---|---|
| | | | Gross | Net |
| DEF | Carpio/Palmieri | 100 % | | |
| DEF | | % | | |
| DEF | | % | | |
| PL | Blasko | % | | |
| PL | | % | $ 125,000.00 | $ |

**ARBITRATOR(S):** Please sign below

s/ Richard B. Smith, Esq.
Signature

Parties desiring to reject this award and obtain a trial *de novo* must file with the division manager a trial *de novo* request together with a $200 fee within thirty (30) days of today. Parties requesting a trial *de novo* may be subject to payment of counsel fees and costs as provided by *R.*4:21A-6(c). Note that unless otherwise expressly indicated this award will be filed today.

Counsel and *pro se* litigants acknowledge receipt of this award by signing below.

s/ Frances Nicotra, Esq.
Signature

s/ Christopher Errante, Esq.
Signature

s/
Signature

*Exclusive of prejudgment interest

Revised 7/2007, CN 10977

**Exhibit 2, Page 1 of 1**

**EXHIBIT "3"**

**FRANCES NICOTRA, ESQ.**
Attorney ID No.: 005581992
853 Summit Avenue
Jersey City, New Jersey 07307
Ph: 201.963.9423
Fax: 201.963.2005
Email: fnicotra@fnesqlaw.com
Web: www.fnesqlaw.com
**Attorney for Plaintiff,**
**Nancy Blasko**

| | |
|---|---|
| Nancy Blasko, | : SUPERIOR COURT OF NEW JERSEY |
| | : HUDSON COUNTY:  LAW DIVISION |
| Plaintiff, | : |
| | : |
| Vs. | : Docket No.: HUD-L-4256-19 |
| | : |
| Paul Carpio and Derik Palmieri, | : ORDER TO CONFIRM ARBITRATION AWARD |
| | : AND ORDER TO ENTER JUDGMENT |
| Defendants. | : |

**FILED**

**JAN 0 4 2021**

**MARYBETH ROGERS, J.S.C.**

This matter having being opened to the Court by FRANCES NICOTRA, ESQ., Attorney for Plaintiff , Nancy Blasko, for an Order pursuant to Confirm the Arbitration Award and Enter Judgment jointly and severally against Defendants, Paul Carpio and Derik Palmieri, and for good cause shown:

It is on this 4th day of January, 2021

O R D E R E D  that the Arbitration Award in favor of Plaintiff, Nancy Blasko, against Defendant Paul Carpio in the amount of $125,000.00 is confirmed; and it is further

O R D E R E D  that Judgment is entered against Defendant Paul Carpio in favor of Plaintiff Nancy Blasko in the amount of $125,000.00 against Defendant Paul Carpio; and it is further

O R D E R E D   that a mirror Judgment against Defendant Derik Palmieri is reserved for entry by virtue of his filing for Chapter 7 Bankruptcy on November 19, 2020 after the original filing date of Plaintiff's within Motion on October 28, 2020; and it is further

O R D E R E D   that a copy of the within Order, once signed and uploaded through eCourts, shall serve as service of the Order upon the parties.

_Marybeth Rogers, J.S.C._
Hon. Marybeth Rogers, J.S.C.

Opposed _____
Unopposed ___X___

PAPERS CONSIDERED
___XX___ NOTICE OF MOTION      _____ MOVANT'S BRIEF      _____ ANSWERING BRIEF
___XX___ MOVANT'S CERTIFICATION  _____ ANSWERING AFFIDAVIT  _____ CROSS MOTION
_____ CROSS MOTION        _____ MOVANT'S REPLY      _____ OTHER

Pursuant to R. 4:21A-6(b)(1), a party has 30 days after filing of the arbitration award to demand a de novo trial. Here, the arbitration award was filed on August 12, 2020 and the Defendant did not demand a de novo trial. The arbitration award is hereby confirmed and judgment is entered pursuant to R. 4:21A-6(b)(3).

**Exhibit 3, Page 2 of 2**

**EXHIBIT "4"**

**From:** auto-reply@usps.com <auto-reply@usps.com>
**Sent:** Monday, February 22, 2021 12:21 PM
**To:** Frances Nicotra <fnicotra@fnesqlaw.com>
**Subject:** USPS® Item Delivered, PO Box 9405503699300282038752



Hello **FRANCES NICOTRA**,

Your item has been delivered and is available at a PO Box at 12:15 pm on February 22, 2021 in ENGLEWOOD CLIFFS, NJ 07632.

Tracking Number: **9405503699300282038752**



**Delivered, PO Box**



Visit **USPS Tracking**® to check the most up-to-date status of your package. Sign up for **Informed Delivery**® to digitally preview the address side of your incoming letter-sized mail and manage your packages scheduled to arrive soon! To update how frequently you receive emails from USPS, log in to your **USPS.com** account.

Want regular updates on your package? **Set up text alerts**.

1

**Exhibit 4, Page 1 of 2**

**From:** auto-reply@usps.com <auto-reply@usps.com>
**Sent:** Tuesday, February 23, 2021 1:38 PM
**To:** Frances Nicotra <fnicotra@fnesqlaw.com>
**Subject:** USPS® Item Delivered, In/At Mailbox 9405503699300282038769



Hello **FRANCES NICOTRA**,

Your item was delivered in or at the mailbox at 1:34 pm on February 23, 2021 in NORTH BERGEN, NJ 07047.

Tracking Number: **9405503699300282038769**

**Delivered, In/At Mailbox**



**Tracking & Delivery Options**

**My Account**

Visit **USPS Tracking**® to check the most up-to-date status of your package. Sign up for **Informed Delivery**® to digitally preview the address side of your incoming letter-sized mail and manage your packages scheduled to arrive soon! To update how frequently you receive emails from USPS, log in to your **USPS.com** account.

Want regular updates on your package? **Set up text alerts**.



   

1

**Exhibit 4, Page 2 of 2**

**EXHIBIT "5"**

# UNITED STATES BANKRUTCY COURT

## DISTRICT OF NEW JERSEY

_____x

In re                                            Case No. 20-22825-VFP

DERIK P. PALMIERI,                               Chapter 7

      Debtor                             Adversary # _____

_____

NANCY BLASKO,

          Plaintiff           Honorable Vincent F. Papalia

v.

DERIK P. PALMIERI,

          Defendant
_____x

     Defendant(s), Derik P. Palmieri (hereafter "Defendant") by way of answer to the

numbered paragraphs and the Counts set forth in Plaintiff's Complaint says:

### JURISDICTION AND VENUE

     1. Defendant denies the statements made in this Paragraph.

     2. Defendant denies the statements made in this Paragraph

     3. Defendant denies the statements made in this Paragraph.

     4. Defendant leaves Plaintiff to her proofs regarding the statements made in this

Paragraph.

     5. Defendant leaves Plaintiff to her proofs regarding the statements made in this

Paragraph.

     6. Defendant leaves plaintiff to her proofs regarding the statements made in this

1

**Exhibit 5, Page 1 of 1**